### JOHN B. HOLMES, PLAINTIFF IN ERROR, V. ROBERT IRWIN, DEFENDANT IN ERROR.

1. **Herd Law:** JURISDICTION OF JUSTICE. Under the provisions of the herd law of Nebraska, when proof of damage and the service of notice as provided by that law is filed with a justice of the peace, by the taker-up of stock, the issuance and service of summons are not necessary to give the justice jurisdiction to issue execution.

2. ———: ———: JUDGMENT. When jurisdiction in such case is acquired, the fact that the justice of the peace renders an illegal and void "judgment" will not destroy such jurisdiction, and the issuance of the execution and sale of the property will not be held to be void.

ERROR to the district court for Cass county. Tried below before POUND, J.

*Beeson & Sullivan*, for plaintiff in error.

*S. P. Vanatta*, for defendant in error.

REESE, J.

On the twenty-eighth day of January, 1884, a cow belonging to the defendant in error was taken up by the

plaintiff in error while trespassing upon his cultivated lands, and on the next day he notified the defendant in error in writing of the fact, and of the amount of damages and the name of his arbitrator. The notice was delivered to the wife of the defendant in error, and was received by him. No attention was paid to the matter by him, and on the fourth day of February the plaintiff in error filed the notice, with an affidavit of service, with the proper justice of the peace, who administered an oath to the plaintiff and enquired into the matter, and rendered judgment for the amount named in the notice. On the sixth day of February an execution was issued and placed in the hands of the sheriff, who levied upon the cow and sold her on the eighteenth day of February, and returned the execution and money to the justice of the peace.

On the twenty-second day of March the defendant in error filed his petition in error in the district court, alleging error as follows:

"1st. The said court erred in rendering up a judgment against the plaintiff. 2d. The court had no jurisdiction of this plaintiff or of the cause of action. 3d. No summons was ever issued in said cause against this plaintiff, nor was any summons ever served on him as provided by law, nor did this plaintiff have any notice of the pendency of said suit or appear therein. 4th. This plaintiff did not voluntarily appear in said cause for any purpose, and did not answer to the same in any way. 5th. This plaintiff did not have his day in court, and had no knowledge of the pendency or commencement of said suit. 6th. The court had no legal authority to render up said judgment or any judgment against this plaintiff."

Upon the final hearing in the district court the judgment of the justice of the peace was held to be null and void and without authority of law, and that said court had no jurisdiction of the person of the plaintiff. The judgment was set aside, adjudged to be void, and judgment was rendered

against the plaintiff in error for costs. The plaintiff in error now brings the case into this court for review.

It is a well settled rule of law that this court, in the exercise of its appellate jurisdiction, can only pass upon the questions submitted to the district court, hence we must look to the petition in error filed in that court for the questions there presented.

We think it can fairly be said that the only questions presented to the district court by the petition in error were that all the proceedings of the justice were void for the reasons: 1. That the justice had no authority to render any judgment in such a case. 2. That the justice was wholly without any jurisdiction, no summons having been issued or served, and no appearance having been made. And that no objection was made to the notice or manner of service relating to the damages and the fact of the taking up of the cow.

So far as the first of the above questions is concerned, we think the justice exceeded his authority in rendering a *general* judgment, but we cannot agree with the district court in holding that this excess of authority rendered all his proceedings void. By section four of the herd law, Compiled Statutes, chap. 2, art. III., a justice of the peace has the authority to receive and file proofs of damage and issue execution thereon. Conceding that he had no authority to render the judgment, yet it is quite clear to us that the act of rendering an illegal or void judgment would not destroy the jurisdiction which he had acquired by the filing of the proofs by the taker-up of the stock. He had authority to issue the execution for the sale of the impounded stock, but when that stock was sold and the proceeds of the sale properly accounted for, the authority of the justice over the parties or their property was at an end. Hence in this case the judgment is void so far as the deficiency is concerned. More properly speaking, the sale of the trespassing stock was a satisfaction of the execution which the jus-

tice had authority to issue.  It was necessary and proper for the justice to enter the case upon his docket, giving a statement of the facts and history of all the proceedings including the issuance and return of the execution, but no formal judgment was necessary, the filing of the notice with proof of service having that effect under the statute.

As to the second proposition, no summons was required. By the act above referred to it was the duty of defendant in error, if he objected to the amount of damages claimed, to make it known by selecting his arbitrator for the assessment of damages.  Failing in that, he is deemed to acquiesce in the amount claimed, and he cannot object thereafter. Any other construction of the law would destroy the purpose for which it was enacted—that of a speedy and effectual remedy for damage done by stock to cultivated lands and growing crops.

As nothing more can be claimed for the "judgment" of the justice than a *basis* upon which and from which to issue the execution, it follows that his proceedings in issuing the execution were not void, and that the district court erred in so holding.  It also follows that the receipt and filing of the amount of damages, costs, etc., and the issuance of the execution thereon, was not such a judgment or final order as is contemplated by section 580 of the civil code, and which might be " reversed, vacated, or modified by the district court."

The judgment of the district court is reversed, and the proceedings in error instituted in that court by the defendant in error are dismissed.

JUDGMENT ACCORDINGLY.

MAXWELL, J.

I concur in the judgment of reversal, but am unable to give my assent to some of the points decided.

*First.*  Section 4 of the herd law provides that, "If the

owner of said stock shall refuse within forty-eight hours after having been notified in writing to pay said damages claimed, or appoint an arbitrator to represent his interest, said animal or animals shall be sold upon execution [order of sale] as required by law, when said amount of damages and costs shall have been filed with any justice of the peace of the county within which said damages may have been sustained."

Sec. 5. "In case the parties interested cannot agree as to the amount of damages and costs sustained, each party may choose a man, and in case the two men chosen cannot agree, they shall choose a third man, who, after being duly sworn for the purpose herein named, the three shall proceed to assess the damages, possessing for that purpose the *general power of arbitrators.*"

Sec. 6. "The said arbitrator or arbitrators shall make an award in writing, which if not paid in five days after the award has been made may be filed with any justice of the peace in the same county, and shall operate as a judgment, which judgment shall be a lien upon the stock so taken up, and execution may issue upon said stock for the collection of said damages and costs as in other cases," etc.

In this case the person taking up the stock served a notice on the owner thereof of the amount of damages claimed and the name of the person selected by him as an arbitrator in case the amount claimed was unsatisfactory. As no objection was made by the owner of the stock to the amount of the claim, nor an arbitrator chosen by him for the purpose of ascertaining the damages, the amount claimed is deemed to be satisfactory. This case therefore falls within section four of the act, which does not declare it shall have the force of a judgment. At the most it is an admission of the amount of damages sustained. This, if not paid, may be filed with a justice of the peace, who may enforce the lien. To give the justice jurisdiction the proceedings must show the taking up of the stock, a copy of the notice

substantially in the form required by the statute, with proof of service of the same on the defendant, and that more than forty-eight hours have elapsed since the notice was served, and the defendant has failed to choose an arbitrator. These are jurisdictional facts which properly should be entered on the justice's docket, although no doubt the jurisdictional facts may be proved even if not so entered, there being no provision of the statute requiring them to be entered on the docket. The justice, however, is to enforce the lien upon the stock by requiring the stock to be sold. This certainly requires a judgment for the amount admitted to be due, and an order to sell the property. An order of sale or special execution will then be issued on the judgment to sell the impounded stock, and after the sale be returned to the justice. But suppose the authority is derived from section 6. It will be observed that only the *ordinary* powers of arbitrators are conferred upon the persons selected to appraise the damages. Their finding, therefore, is merely an award. No case has been cited, nor can one be found so far as I am aware, holding that an award is a judgment. It may be conclusive upon the rights of the parties, but it is not, like a judgment, the *sentence of the law.* This is admitted in the majority opinion, where it is said that the "receipt and filing of the amount of damages, costs," etc., is not a final order. I agree that it is not a final order, but it is the duty of the justice to make it so by the entry of judgment and order to sell the property, and to issue an order of sale thereon. Such procedure is clearly implied from the statute, and will protect the rights of the parties by enabling any one aggrieved by the proceedings to protect his rights, either by petition in error or appeal, which the procedure approved by the majority of the court fails to do. If stock can be taken up and by a summary proceeding sold, and the proceeds of the sale appropriated by the person taking up the stock, and the actual owner be denied the right of review, the result might be the perpetration of gross wrongs.